## UNITED STATES BANKRUPTCY COURT
### NORTHERN **DISTRICT OF** ILLINOIS
### EASTERN **DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| STELLMAN INC.AN ILLINOIS | § | Case No. 07-14343 |
| CORPORATIO | | |
| | § | |
| Debtor(s) | § | |

### NOTICE OF TRUSTEE'S FINAL REPORT AND
### APPLICATIONS FOR COMPENSATION
### AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that Frances Gecker, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
Kenneth S. Gardner
219 S. Dearborn Street
7th Floor
Chicago, Illinois 60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 10:30 AM on 12/07/2011 in Courtroom 642,
United States Courthouse
219 S. Dearborn Street
Chicago, Illinois  60604
If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: 11/07/2011                   By: _____

Frances Gecker
325 N. LaSalle Street
Suite 625
Chicago, IL 60654

UST Form 101-7-NFR (5/1/2011) (Page: 1)

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| STELLMAN INC.AN ILLINOIS CORPORATIO | § | Case No. 07-14343 |
| | § | |
| Debtor(s) | § | |

### SUMMARY OF TRUSTEE'S FINAL REPORT
### AND APPLICATIONS FOR COMPENSATION

| | | |
|---|---|---|
| The Final Report shows receipts of | $ | 2,918.89 |
| and approved disbursements of | $ | 0.00 |
| leaving a balance on hand of[1] | $ | 2,918.89 |

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Frances Gecker | $ 729.72 | $ 0.00 | $ 729.72 |
| Total to be paid for chapter 7 administrative expenses | | $ | 729.72 |
| Remaining Balance | | $ | 2,189.17 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (5/1/2011) (Page: 2)

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 2,918.70 have been allowed and will be paid pro rata only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 75.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|-----------|----------|------------------------|------------------------|------------------|
| 000001 | KEVIN H. MILLON | $        2,918.70 | $            0.00 | $        2,189.17 |
| | Total to be paid to timely general unsecured creditors | | $ | 2,189.17 |
| | Remaining Balance | | $ | 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE


Prepared By: /s/Frances Gecker
                                                      Chapter 7 Trustee


Frances Gecker
325 N. LaSalle Street
Suite 625
Chicago, IL 60654


**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction
Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

United States Bankruptcy Court
Northern District of Illinois

In re:                                                                          Case No. 07-14343-SPS
Stellman Inc.an Illinois corporation                                            Chapter 7
          Debtor

# CERTIFICATE OF NOTICE

District/off: 0752-1          User: pseamann           Page 1 of 1          Date Rcvd: Nov 08, 2011
                             Form ID: pdf006           Total Noticed: 6

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 10, 2011.
db          +Stellman Inc.an Illinois corporation,   2100 West 32nd Street,   Chicago, Il 60608-6030
11535335    +Fred Boudreau et. al. vs. Stellman Inc.,   c/o William Leathem,
             Jacobs, Burns, Orlove, Stanton &,   Hernandez,   122 S.Michigan Ave., #1720,
             Chicago, IL 60603-6145
11535338   ++INTERNAL REVENUE SERVICE,   CENTRALIZED INSOLVENCY OPERATIONS,   PO BOX 7346,
             PHILADELPHIA PA 19101-7346
             (address filed with court: Internal Revenue Service,   230 S. Dcarborn Street,,
             Mail Stop 5010 CHI,   Chicago IL 60604)
11535337    Illinois Department of Revenue Bankruptcy Section,   P.O. Box 64338,   Chicago, IL 60664-0338
11535336    +Illinois Dept of Employment Security,   Bankruptcy Unit, 3rd FI,,   401 S State Street,
             Chicago IL 60605-1229
15437151    +Kevin H. Millon,   2100 Manchester Road, Bldg. B, #1060,   Wheaton, Illinois 60187-4576

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                           TOTAL: 0

        ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
11535334    STELLMAN, INC.-CREDITOR LIST
                                                                    TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Nov 10, 2011**                    **Signature:**   *Joseph Speetjens*